IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM COLVIN and COLVIN CATTLE CO., INC. | Civ. No. 05-409-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JUANITA COLVIN and BENJAMIN COLVIN, | |
| Defendants. | |

Robert T. Mautz
MAUTZ BAUM & O'HANLON LLP
101 S.E. Byers Ave.
P.O. Box 628
Pendleton, OR 97801
    Attorney for plaintiffs

Craig D. Bachman
Timothy R. Harmon
LANE POWELL PC
Suite 2100
601 S.W. Second Avenue
Portland, OR 97204
    Attorneys for defendants

AIKEN, Judge:

Defendants move for a preliminary injunction and an appointment of receiver during the pendency of this action. Plaintiffs, in turn, move for a protective order to prevent the taking of William Colvin's deposition. Both motions are denied.

## DISCUSSION

The background of this case was recited in the court's Opinion and Order denying remand, and it will not be repeated hear. Suffice it to say that plaintiff William Colvin and defendant Ben Colvin are brothers locked in a long-standing dispute over the management and distribution of assets associated with the Colvin Cattle Co., of which each owns fifty-percent stock.

Defendants move for a preliminary injunction enjoining William Colvin from paying his personal expenses, including his legal fees, from the treasury of Colvin Cattle Co. Defendants also move for appointment of receiver, because they claim William is diverting corporate funds for his own personal use.

The party seeking a preliminary injunction must show either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839-40 (9th cir. 2001). While stated as alternatives, "[t]hese formulations are not different tests but represent two

points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods v. Board of Educ, 868 F.2d 1085, 1088 (9th Cir. 1989).

Here, defendants fails to show or even allege irreparable injury. Plaintiff allege nothing more than monetary damages, which generally are not considered irreparable harm. See Triad Sys. Corp. v. Southeastern Express Co., 64 F.3d 1330, 1335 (9th Cir. 1995) (monetary damages "are not usually considered irreparable harm because of the availability of an adequate legal remedy"). If William Colvin has, in fact, improperly diverted corporate funds for his personal use, a judgment against him will make defendants and the corporation whole. Further, the conduct of William Colvin complained of has been, according to defendants, continuing for years, which also weighs against a finding of irreparable harm. Finally, defendants fail to present evidence that the financial condition of the Colvin Cattle Co. is in such dire straits that a receiver is warranted, and defendants have an adequate remedy at law. Consolidated Rail Corp. v. Fore River Ry., 861 F.2d 322, 326 (1st Cir. 1988); New York Life Ins. Co. v. Watt West Inv. Corp., 755 F. Supp. 287, 292 (E.D. Cal. 1991).

Plaintiffs' Motion for Protective Order is likewise denied. Plaintiffs maintain that defendants are not entitled to take a second deposition of William Colvin, because he already submitted

to a deposition in a previous arbitration proceeding. Plaintiffs'
argument is without merit. The Federal Rules of Civil Procedure
apply to *this* case, not previous proceedings over which this court
had no jurisdiction. See Fed. R. Civ. P. 30(a)(2)(B) (leave of
court required for deposition if party has already been deposed
"in the case"). Therefore, given that the discovery deadline
has been extended, William Colvin shall submit to deposition by
defendants.

<u>CONCLUSION</u>

Defendants' Motion for Preliminary Injunction and Receiver
(doc. 19) and plaintiffs' Motion for Protective Order (doc. 29) are
DENIED. Plaintiff William Colvin shall submit to a deposition at
a mutually agreed date, time and place.

IT IS SO ORDERED.

Dated this 23 day of December, 2005.

Ann Aiken
United States District Judge